# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

—————————

No. 01-60645

(Summary Calendar)

—————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL TAYLOR; MICHAEL GIPSON,

Defendants - Appellants.

—————————

Appeal from the United States District Court
For the Northern District of Mississippi
USDC No. 2:00-CR-153-2-D

—————————

May 2, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Michael Taylor and Michael Gipson appeal their convictions for aiding and abetting in the use

of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 2 and

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

924(c). Gipson also appeals his convictions for aiding and abetting in the possession of stolen firearms, in violation of 18 U.S.C. §§ 2 and 922(j) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Both defendants argue that the district court erred in denying their motions for a judgment of acquittal because the evidence was insufficient to support their respective convictions. They argue that they were convicted on the basis of inconsistent testimony by convicted individuals, who admitted selling stolen firearms. In addition, the defendants contend that the Government failed to produce any physical evidence of the involved drugs and firearms, and also failed to prove that the drug allegedly involved was crack cocaine. We disagree.

Both Taylor and Gipson timely moved for judgment of acquittal following the close of the government's case. Thus, we review the sufficiency of the evidence to determine whether a "reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982); *see also Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In evaluating the sufficiency of the evidence, we must review all of the evidence "in the light most favorable to the prosecution." *Jackson*, 443 U.S. at 319.

In order to uphold the defendants' convictions for aiding and abetting in the use of a firearm during and in relation to a drug trafficking crime, a reasonable trier of fact must have been able to find, beyond a reasonable doubt, that Gipson and Taylor aided and abetted in (1) using or carrying a firearm; and (2) that the use or carrying was "during and in relation to" a "crime of violence or drug trafficking crime." *Smith v. United States*, 508 U.S. 223, 227-28 (1993). Although Gipson points to various inconsistencies between the testimony of Randy Tidwell and John Hitchcock, the sellers of the stolen firearms, their testimony was consistent insofar as they both testified that they exchanged stolen weapons for crack cocaine supplied by Gipson. Based on this testimony, the jury could have

found both required elements of the offense with regard to Gipson. Gipson also argues that bartering drugs for firearms does not constitute a "use" of the firearms within the meaning of 18 U.S.C. § 924(c). This court has determined otherwise, and we are bound by that precedent. *See United States v. Ulloa,* 94 F.3d 949, 956 (5th Cir. 1996) ("By bartering drugs for firearms, . . .Ulloa thus 'used' the firearms within the meaning of § 924(c)(1).").

Taylor argues that there was no evidence establishing that he was personally involved in the drugs-for-guns transaction. However, the uncontradicted evidence shows that Taylor was present during the negotiations, understood the terms of the trade, requested that Gipson purchase the gun for him, and told Gipson he would pay him back for it. Thus, the government presented sufficient evidence to support Taylor's conviction. *See United States v. Laury*, 49 F.3d 145,151 (5th Cir. 1995) (holding that to prove aiding and abetting, the Government must establish that the defendant "(1) associated with the criminal enterprise; (2) participated in the venture; and (3) sought by action to make the venture succeed."). In sum, the jury could reasonably have concluded, based on the evidence, that both Gipson and Taylor were guilty of aiding and abetting in the use of a firearm during and in relation to a drug trafficking crime.

Gipson also argues that the evidence was insufficient to support his conviction for aiding and abetting in the possession of a stolen firearm in violation of 18 U.S.C. §§ 2 and 922(j). The evidence presented at trial was sufficient for a rational trier of fact to find beyond a reasonable doubt that the guns were stolen in Arkansas, and transported across state lines into Mississippi. The testimony also showed that Gipson was aware that the guns were st olen in Arkansas and that Gipson aided and abetted in the purchase of the stolen weapons by providing crack cocaine as payment for the firearms. Thus, the Government presented sufficient evidence from which a reasonable jury could conclude that

Gipson was guilty of this offense.

Finally, Gipson challenges the sufficiency of the evidence supporting his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In order to support Gipson's conviction, there must be sufficient evidence establishing (1) "that the defendant was a convicted felon; (2) that he possessed a firearm in or affecting interstate commerce; and (3) that he knew that he possessed a firearm." *See United States v. Baptiste*, 264 F.3d 578, 589 n.8 (5th Cir. 2001). Gipson has not disputed that he is a convicted felon. There was sufficient evidence to prove that Gipson was knowingly in possession of firearms that had traveled in interstate commerce. Thus, there was sufficient evidence to support his conviction under 18 U.S.C. § 922(g).

For the foregoing reasons, the convictions of Taylor and Gipson are AFFIRMED.